UNITED STATES DISTRICT COURT     ELECTRONIC PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

BERNARD LUSTER,

       *Petitioner*,                                   MEMORANDUM
                                                             AND ORDER
      -against-                                     09-CV-908 (JG)

WILLIAM MOLIHAN, Superintendent,

       *Respondent*.
-------------------------------------------------------------x

A P P E A R A N C E S :

    BERNARD LUSTER
        05-A-3546
        Mid-State Correctional Facility
        P.O. Box 2500
        Mercy, NY 13403
        Petitioner, *Pro Se*

    RICHARD A. BROWN
        Queens County District Attorney
        125-01 Queens Boulevard
        Kew Gardens, NY 11415
    By:   John M. Castellano
        Johnnette Traill
        *Attorneys for Respondent*

JOHN GLEESON, United States District Judge:

       Bernard Luster, currently incarcerated in the Mid-State Correctional Facility, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking relief from his conviction in New York State Supreme Court of first-degree rape. Luster alleges that the trial judge failed to apprise him of his rights and that his guilty plea was therefore not knowing, voluntary, and intelligent. For the reasons stated below, Luster's petition is denied.

BACKGROUND

The government alleged that Luster had sexual intercourse with a twelve-year old girl on three occasions beginning in July 2003. He was charged with three counts of first-degree rape, second-degree sexual abuse, three counts of second-degree kidnapping, and endangering the welfare of a child.

On May 13, 2005, Luster appeared with counsel for trial. After reviewing Luster's file, the trial court offered Luster an eight-year prison term if he pleaded guilty to first-degree rape. He noted that if the offer was not accepted, "the plea offer will be off the table and we will go to trial. I will not make this offer to you again. You will in this part have an absolutely fair trial. You have a very competent lawyer who will represent you. We will make sure that each side in this case gets a fair trial." May 13, 2005 Tr. 5. He told Luster that if he was found guilty on any one or more of the rape counts, there would be "no chance" that he would receive a sentence of eight years or less. *Id.* He invited Luster to ask any questions he had for the court through his lawyer, and conducted an off-the-record conversation with counsel for both sides. He then told Luster that "your attorney had mentioned to me at sidebar what you wanted him to mention to me. I told him that the minimum offer is eight years, it's nonnegotiable and the plea would have to be to the rape one." *Id.* at 6-7. He then stated "I don't expect you to make such a difficult decision in five or ten minutes," and adjourned the proceedings to allow Luster to consult with counsel and formulate "any questions that you have of me" regarding the plea. *Id.* at 7.

2

After the recess, Luster confirmed that he did not want to plead guilty. The court then went on to "address the issue of an *Antommarchi* waiver."[1] *Id.* at 8. Luster stated that he had discussed the issue with his lawyer and "would like to be a part of the process." *Id.* The court then described the *voir dire* process and Luster confirmed that he wanted to be present at any sidebar conferences with potential jurors. The court then adjourned the proceedings to May 17, 2005.

On May 17, the judge noted that defense counsel, after speaking with Luster's family, "had asked me if I would reoffer the plea that I offered you on [May 13]." May 17, 2005 Tr. 3. He asked Luster "whether or not [he was] willing to take that offer," and Luster said "yes." *Id.* at 4. After being sworn, Luster stated that he was satisfied with the services of counsel, that he had not been threatened or otherwise coerced into accepting a plea, and that no promises, other than the court's promise regarding the eight-year sentence, had been made to him. Tr. 5. The court also stated that it would not accept the plea unless Luster waived his right to appeal. The judge then explained the waiver, and Luster agreed that he was waiving his right to appeal.

Luster then asked if he could be sentenced "today" or "tomorrow if possible?" *Id.* at 7. The court stated that he wanted to make sure "that we not rush through this plea. I want to make sure that you fully understand what you are doing." Tr. 7. He then asked whether Luster committed the first rape count:

> THE COURT: Did you on that day knowingly and intentionally engage in sexual intercourse with that young woman?

---

[1] An *Antommarchi* waiver is a waiver of the defendant's right to be present at sidebar discussions where potential jurors are asked and respond to questions "intended to search out a prospective juror's bias, hostility or predisposition to believe or discredit the testimony of potential witnesses." *People v. Antommarchi*, 80 N.Y.2d 247, 250 (1992).

3

> THE DEFENDANT: Despite the fact that I am impotent?
> THE COURT: I am asking you, sir, if you did?
> THE DEFENDANT: Despite the fact that I am impotent --
> THE COURT: It is either yes or no.
> THE DEFENDANT: Sure.
> THE COURT: Sure meaning, yes?
> THE DEFENDANT: I am impotent, but, yes.
> THE COURT: Sure meaning yes?
> THE DEFENDANT: Yes, yes. I am impotent, but, yes sir. Yes.
> THE COURT: Just to make sure we are clear, the only way that I will accept your plea is if, in fact, you are guilty of this charge . . . . If you are guilty of the crime charged, then it seems to me that the answer to these questions is yes. If you are not guilty, then tell me that you are not guilty, but you are not having it both ways. You are either guilty or not guilty, understood?
> THE DEFENDANT: Yes, sir.
> THE COURT: So, I have just asked you if on that date you being 38 years old at the time, did you knowingly and intentionally engage in sexual intercourse with [the victim]?
> THE DEFENDANT: Yes.
> THE COURT: Do you know now, that at the time that you engaged in sexual intercourse with her, do you know now that she was 12 years old?
> THE DEFENDANT: I know now.
> ...
> THE COURT: The allocution is satisfactory to the Court . . . .

*Id.* at 8-9.

Luster made no attempt to withdraw or vacate his plea before sentencing. At the June 10, 2005 sentencing hearing, the following colloquy occurred

> THE COURT: I notice in the presentence investigation report that the defendant, they write here that he had denied his guilt.
> MR. BLOOM: Yes, your Honor. I spoke to my client. He had a lengthy conversation with the probation officer and discussed, I guess, his potential defenses and everything else and the probation officer, I guess, misunderstood and wrote that down. But he does reaffirm his guilt at this time.
> THE COURT: Is that true, Mr. Luster?
> THE DEFENDANT: Yes.

June 10, 2005 Tr. at 2-3. Luster was sentenced to eight years' imprisonment and five years of post-release supervision.

On appeal, Luster argued that his plea was invalid because he allocuted to facts that would not sustain a conviction and because the trial judge did not advise him of his rights under *Boykin v. Alabama*, 395 U.S. 238 (1969). He also argued that his sentence was excessive.

On November 27, 2007, the Appellate Division denied Luster's appeal. It found that Luster "failed to preserve for appellate review his contention that his plea of guilty and waiver of the right to appeal were not intelligently, knowingly, and voluntarily made." *People v. Luster*, 45 A.D.3d 866, 866 (2d Dep't 2007). While it noted that an exception to the preservation requirement exists "when a defendant's recitation of the facts negates an essential element of the crime, or casts significant doubt on his guilt, this exception does not apply here." *Id.* (internal citation omitted). It also noted that this unpreserved argument was without merit because "the defendant acknowledged that he discussed the plea and waiver with his attorney, executed the waiver in open court, and indicated his understanding of the nature and consequences of the rights that he waived." *Id.* (internal quotation marks omitted). On January 15, 2008, the Court of Appeals denied leave to appeal the Second Department's decision. *People v. Luster*, 9 N.Y.3d 1035 (2008).

On June 3, 2008, Luster filed a *pro se* motion to set aside his sentence under N.Y. Crim. Proc. L. §440.20, raising the same claims regarding his guilty plea. The court denied Luster's motion on August 22, 2008. Luster did not appeal that decision.

DISCUSSION

Where there has been actual and explicit reliance upon a procedural default to dispose of a claim in state court, there is an "adequate and independent state ground" for the judgment, prohibiting federal habeas review. *Harris v. Reed,* 489 U.S. 255, 261 (1989); *Levine*

5

*v. Comm'r of Corr. Servs.,* 44 F.3d 121, 126 (2d Cir.1995); *see also Coleman v. Thompson,* 501 U.S. 722, 744, 750 (1991) (noting the state's interest in "channeling the resolution of claims to the most appropriate forum, in finality, and in having the opportunity to correct [their] own errors"); *but see Lee v. Kemna,* 534 U.S. 362, 376, 381 (2002) (noting the existence of a "small category" of "exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question").

Where the state appellate court rejects a state prisoner's claim as procedurally defaulted, the claim may be considered on federal habeas review only upon a showing of cause and prejudice, or upon a showing that a miscarriage of justice will result if the claim is not reviewed. *Coleman,* 501 U.S. at 750; *Teague v. Lane,* 489 U.S. 288, 298 (1989). A petitioner may establish cause by showing "'that the factual or legal basis for a claim was not reasonably available to counsel . . . or that some interference by officials . . . made compliance impracticable.'" *Coleman,* 501 U.S. at 753 (internal quotation marks omitted) (quoting *Murray v. Carrier,* 477 U.S. 478, 492 (1986)). To satisfy the prejudice requirement, the alleged error must have worked to the petitioner's "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Torres v. Senkowski,* 316 F.3d 147, 152 (2d Cir.2003) (internal quotation marks omitted).

In this case, the state court concluded that Luster had failed to preserve his argument that his guilty plea was invalid because he failed to seek to vacate or withdraw his plea before sentencing. This is clearly a procedural default. *See People v. Lopez*, 71 N.Y. 2d 662, 665 (1988) (failing to move to withdraw plea violates the contemporaneous objection rule of N.Y. C.P.L. § 470.05(2)). However, Luster has shown no cause for his failure to seek to

withdraw his plea prior to sentencing. He contends that the judge failed to advise him that he had the right to trial by a jury, to confront his accusers, and to refuse to testify. However, he nowhere contends that he was, in fact, unaware of those rights, nor does he state when he first learned that he had inadvertently given up these rights. At the very least, the colloquy on May 13, four days before the guilty plea, regarding *voir dire* makes it clear that Luster was aware he had a right to trial by jury. And even if Luster was indeed oblivious to the fact that he had the right to remain silent at trial and to confront his accusers at trial, he nowhere suggests that he would have proceeded to trial had he been informed of these rights by the judge. (I also assume that Luster's counsel informed him of these rights before his guilty plea, as Luster has never alleged that his counsel was ineffective in this regard.) In short, Luster has failed to show cause for or prejudice from his procedural default.

If a petitioner cannot show cause and prejudice, his procedural default may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim, *i.e.,* "that he is actually innocent of the crime for which he has been convicted." *Dunham v. Travis,* 313 F.3d 724, 730 (2d Cir.2002) (citing *Schlup v. Delo,* 513 U.S. 298, 321 (1995)). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence . . . ." *Schlup*, 513 U.S. at 324. There is no such evidence suggested here. Luster has occasionally alleged that he is physically incapable of sexual intercourse, but this contention is based on evidence that was fully available to Luster when he admitted to engaging in sexual intercourse with the victim. Accordingly, Luster cannot demonstrate that this is one of the "extremely rare" cases where the

7

procedural default should be overlooked absent a showing of cause and prejudice. *Sweet v. Bennett,* 353 F.3d 135, 142 (2d Cir.2003).

The foregoing discussion also suggests that Luster's claim is meritless. Despite the trial court's failure to explicitly advise Luster of certain rights, the record in this case strongly suggests that Luster was, in fact, aware of these rights. As a result, the Appellate Division's conclusion that Luster's plea was knowing, voluntary, and intelligent was not "contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

## CONCLUSION

For the reasons stated above, Luster's petition is denied. As he has failed to make a substantial showing that he was denied a constitutional right, no certificate of appealability shall issue.

So ordered.

JOHN GLEESON, U.S.D.J.

Dated: Brooklyn, New York
       July 14, 2009